```
                    United States District Court
                      District of Massachusetts
```

```
_____
                               )
UNITED STATES OF AMERICA,      )
                               )
        v.                     )
                               )    Criminal No.
DAVID K. MENSAH,               )    10-10064-NMG
                               )
        Defendant.             )
_____)
```

## MEMORANDUM & ORDER

GORTON, J.

Pending before the Court is defendant's motion to suppress evidence which the government has opposed.

## I. Background

Defendant David K. Mensah ("Mensah"), a/k/a Willberforce Appiah ("Appiah"), is charged with one count of Unlawful Procurement of Citizenship or Naturalization in violation of 18 U.S.C. § 1425(a) for false statements made under oath in his naturalization application and interview in September, 2001.

Pending before the Court is defendant's motion to suppress items seized from his motor vehicle and statements made following his arrest on November 20, 2006. In support of that motion, defendant submitted an affidavit dated May 26, 2011. The government has opposed the motion to suppress and submitted, pursuant to this Court's Order dated June 10, 2011, an affidavit of Massachusetts State Police ("MSP") Trooper Edmund Hartwell

("Hartwell") dated June 16, 2011.

It is undisputed that on November 20, 2006, MSP Troopers Hartwell and Luke Jorge ("Jorge") stopped defendant in his motor vehicle in Worcester, Massachusetts pursuant to valid arrest warrant issued on charges of obtaining a driver's license under a false name, in violation of Mass. Gen. Laws ch. 90 § 24B. That arrest warrant was issued to Trooper Hartwell based on his investigation which indicated that defendant had applied for a Massachusetts Commercial Driver's License on two different occasions under two different identities (i.e. Mensah and Appiah).

It is also undisputed that at the time the troopers stopped the defendant's vehicle, defendant was the sole occupant of the vehicle. The troopers removed defendant from the vehicle, arrested and handcuffed him. At that point, Trooper Jorge stayed with defendant, who had been placed in the rear seat of the MSP cruiser, while Trooper Hartwell ordered defendant's vehicle to be towed. Before towing, Trooper Hartwell searched defendant's vehicle and found certain documents variously bearing the surnames Mensah and Appiah on the floor and in the unlocked glove compartment. The troopers did not have a separate warrant to search the vehicle.

Defendant asked the troopers whether his girlfriend, who was at his residence a few blocks away, could claim the vehicle

(instead of towing) but the troopers denied his request. Defendant's vehicle was towed and the troopers transported defendant to MSP barracks. On the way, the troopers questioned defendant who answered.

Defendant moves to suppress 1) items seized during the search of his vehicle and 2) any statements made by defendant that resulted from the allegedly unlawful search and seizure. Defendant contends that the search violated his Fourth Amendment rights because it was neither a valid inventory search nor justified as a search incident to arrest.

## II. Legal Analysis

### A. Hearing

As an initial matter, the Court declines to hold an evidentiary hearing because defendant has failed to make a "sufficient threshold showing" that material facts are in dispute which cannot reliably be resolved on the paper record and which would entitle defendant to the requested relief if resolved in his favor. See United States v. Staula, 80 F.3d 596, 603 (1st Cir. 1996) (citations omitted); see also United States v. Brown, 621 F.3d 48, 57 (1st Cir. 2010) (noting no presumptive right to evidentiary hearing on motion to suppress); United States v. Migely, 596 F.2d 511, 513 (1st Cir. 1979) (stating defendant must "allege facts sufficiently definite, specific, detailed, and nonconjectural" from which Court may conclude a substantial claim

is presented). In ruling on the motion to suppress, the Court, therefore, looks only to the statements made in the affidavits submitted by the parties and disregards any purported statements alleged in the parties' memoranda which are not supported by an affidavit.

**B.   Standard**

The Fourth Amendment protects "the right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. amend. IV; Ashcroft v. al-Kidd, --- S. Ct. ----, 2011 WL 2119110, *4 (May 31, 2011). A warrantless search is per se unreasonable, "subject only to a few specifically established and well-delineated exceptions." Arizona v. Gant, 129 S. Ct. 1710, 1713 (2009) (quoting Katz v. United States, 389 U.S. 347, 357 (1967)).

Pursuant to the search incident to arrest exception to the warrant requirement:

> Police may search a vehicle incident to a recent occupant's arrest only if the arrestee is within reaching distance of the passenger compartment at the time of the search or it is reasonable to believe the vehicle contains evidence of the offense of arrest.

Id. at 1723. Absent such justification, a search of the motor vehicle will be unreasonable unless the police obtain a warrant or demonstrate that another exception to the warrant requirement applies. Id.

Another such exception is an inventory search of a motor vehicle. Colorado v. Bertine, 479 U.S. 367, 371 (1987); South Dakota v. Opperman, 428 U.S. 364, 372 (1976). Inventory searches are justified based on community caretaking functions, including, for example, the protection of property, the flow of traffic and the safety of the public and police. See Bertine, 479 U.S. at 372; Opperman, 428 U.S. at 367-72; United States v. Sanchez, 612 F.3d 1, 4 n.2 (1st Cir. 2010) (citations omitted). Such searches must be conducted pursuant to standard police procedures. Opperman, 428 U.S. at 372. Police discretion must be "exercised according to standard criteria and on the basis of something other than suspicion of evidence of criminal activity." Bertine, 479 U.S. at 375; see also United States v. Richardson, 515 F.3d 74, 85 (1st Cir. 2008) (noting warrantless inventory search permitted if carried out pursuant to standardized policy); United States v. Ramos-Morales, 981 F.2d 625, 626 (1st Cir. 1992) (collecting cases).

**C. Application**

Defendant argues that the search of his motor vehicle was neither a valid inventory search nor justified as a search incident to arrest. The Court first considers whether it was a valid inventory search.

The MSP have written policies for both towing, Department of State Police General Order TRF-10, effective January 22, 1998

-5-

("the Towing Order"), and vehicle inventory, Department of State Police General Order TRF-09, issued February 26, 1996 ("the Vehicle Inventory Order"), which are before the Court.  The Towing Order authorizes an officer to remove, or cause to be removed, any vehicle found upon a road or state highway when, <u>inter</u> <u>alia</u>, "the operator of the vehicle is physically arrested and the vehicle would be left unattended".  Pursuant to the Vehicle Inventory policy:

> a detailed inventory shall be made <u>whenever a vehicle is ordered towed, removed, or impounded</u>, and: as outlined in TRF-09 (TOWING)...Pursuant to a lawful arrest when the vehicle would be left unattended.

(emphasis in original).  The Vehicle Inventory Order also states that 1) the inventory process should be conducted at the scene before towing the vehicle and 2) the standard inventory procedure includes a detailed inspection of "the glove compartment and trunk (unless they are locked and there is no key available)".

The troopers acted in accordance with the written MSP policies.  It is undisputed that defendant was arrested pursuant to a valid warrant and that he was the sole occupant of the vehicle at the time of his arrest.  The Towing Order authorized the troopers to tow his vehicle because defendant was "physically arrested and the vehicle would be left unattended".  Having determined that the vehicle would be towed, Trooper Hartwell was authorized by the Vehicle Inventory Order to inventory defendant's vehicle, including the unlocked glove compartment.

Because the troopers acted in accordance with standardized policies in making the decisions to tow (i.e. seize) and to inventory (i.e. search), the warrantless inventory search was permissible under the Fourth Amendment. See, e.g., Bertine, 479 U.S. at 375 (affirming police officers' decision to impound, rather than park and lock, vehicle and conduct inventory search because discretion was exercised according to standardized criteria); Richardson v. United States, 2010 WL 2802160, *1 (D. Mass. July 12, 2010) (denying motion to suppress drugs seized during inventory search of defendant's vehicle because officers "not only entitled, but obliged" to tow and inventory vehicle pursuant to MSP written policies), aff'd Richardson, 515 F.3d at 85. Moreover, the subjective intent of the troopers is irrelevant because they conducted the search according to standardized procedures. See United States v. Hawkins, 279 F.3d 83, 86 (1st Cir. 2002) (citing Bertine, 479 U.S. at 373).

Defendant's main contention is that the troopers should have permitted him to call his girlfriend to retrieve the vehicle so that it would not have been "left unattended", as required in order to tow and inventory pursuant to the MSP policies. That argument fails, however, because although the police may give defendant an opportunity to make alternate arrangements, no such opportunity is required by the Fourth Amendment. See Bertine, 479 U.S. at 373-74 (finding Fourth Amendment allows police to

conduct inventory searches without offering defendant an opportunity to make other arrangements, even though such opportunity "would undoubtedly have been possible"). The First Circuit Court of Appeals has repeatedly affirmed that view:

> law enforcement officials are not required to give arrestees the opportunity to make arrangements for their vehicles when deciding whether impoundment is appropriate...Case law supports the view that where a driver is arrested and there is no one <u>immediately</u> on hand to take possession, the officials have a legitimate non-investigatory reason for impounding the car.

<u>United States</u> v. <u>Coccia</u>, 446 F.3d 233, 240 & n.7 (1st Cir. 2006) (citing <u>Vega-Encarnacion</u> v. <u>Babilonia</u>, 344 F.3d 37, 41 (1st Cir. 2003)) (emphasis in original).[1]

Although the meaning of "immediately" is not readily apparent, the Court declines to find that the situation with respect to the defendant's girlfriend falls within its scope. Indeed, the facts in the instant action are distinct from those where a person to whom the vehicle might be entrusted is already present at the scene of arrest, e.g. as a passenger in the vehicle. <u>Compare</u> <u>Ramos-Morales</u>, 981 F.2d at 626 (affirming denial of motion to suppress because defendant arrested while in his vehicle on road and no one present to whom vehicle could be entrusted) <u>with</u> <u>United States</u> v. <u>Goodrich</u>, 183 F. Supp. 2d 135,

---

[1] Contrary to defendant's assertion, a factually distinct decision of the Seventh Circuit Court of Appeals does not require a different result. <u>United States</u> v. <u>Duguay</u>, 93 F.3d 346, 354 n.2 (7th Cir. 1996) (citations omitted) (noting impoundments affirmed "in many circumstances where the arrestee could not provide for the speedy and efficient removal of the car, such as where the driver is the sole occupant and is legitimately arrested").

143 (D. Mass. 2001) (allowing motion to suppress because defendant arrested in building and vehicle parked outside in private lot could have been entrusted to defendant's wife, who was present in building).

Because the Court concludes that the search was a valid inventory search, the Court need not address whether the search was justified as a search incident to arrest. Although defendant also moves to suppress "any statements allegedly made by him that resulted from the unlawful search and seizure", the Court finds the search and seizure of defendant's vehicle was, in fact, lawful and defendant fails to advance any other basis for suppression with respect to the unspecified statements. The Court will, therefore, deny defendant's motion to suppress in its entirety.

## ORDER

In accordance with the foregoing, defendant's motion to suppress (Docket No. 31) is **DENIED**.

**So ordered.**

                                            /s/ Nathaniel M. Gorton
                                            Nathaniel M. Gorton
                                            United States District Judge

Dated June 17, 2011